## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE:

ACCESS 4 ALL INCORPORATED
and JOE HOUSTON,

    Plaintiffs,

v.

PROMENADE PLAZA LLC, CHICANO EXPRESS CORP and HONGWEI954 INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and JOE HOUSTON, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sue PROMENADE PLAZA LLC, CHICANO EXPRESS CORP and HONGWEI954 INC., (hereinafter "Defendants"), and as grounds allege:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JOE HOUSTON, is an individual over eighteen years of age, with a residence in Broward County, Florida, and is otherwise *sui juris*.

5. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not For Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6. At all times material, Defendant, PROMENADE PLAZA LLC, a Florida Corporation, owned and/or operated commercial shopping plaza located at 4402-4678 N University Drive Lauderhill, Florida 33021 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

7. At all times material, Defendant, PROMENADE PLAZA LLC, was and is a Florida Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Hollywood, Florida. Defendant, PROMENADE PLAZA LLC, holds itself out to the public as "Promenade at Inverrary."

8. At all times material, Defendant, CHICANO EXPRESS CORP, owned and operated a commercial restaurant located at 4528 N University Dr, Lauderhill, FL 33351[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, CHICANO EXPRESS CORP, holds itself out to the public as "Chicano MexGrill."

9. At all times material, Defendant, CHICANO EXPRESS CORP, was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Lauderhill, Florida.

10. At all times material, Defendant, HONGWEI954 INC., owned and operated a

---

[1] The address is located within Landlord's shopping plaza at 4402-4678 N University Drive Lauderhill, Florida 33021.

commercial restaurant located at 4402 N University Dr, Lauderhill, FL 33351[2] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, HONGWEI954 INC., holds itself out to the public as "Crafty Crab."

11. At all times material, Defendant, HONGWEI954 INC., was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Lauderdale, Florida.

12. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Broward County, Florida, Defendants regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

FACTUAL ALLEGATIONS

13. Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

14. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

15. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

16. Plaintiff, JOE HOUSTON, is an individual with disabilities as defined by and

---

[2] The address is located within Landlord's shopping plaza at 4402-4678 N University Drive Lauderhill, Florida 33021.

pursuant to the ADA. Plaintiff, JOE HOUSTON, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate. He has very limited use of his hands and cannot operate any mechanisms, which require tight grasping or twisting of the wrist. Plaintiff, JOE HOUSTON, is also a member of the organization, ACCESS 4 ALL INCORPORATED, discussed below.

17. Defendant, PROMENADE PLAZA LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

18. The subject Commercial Property is open to the public and is located in Lauderhill, Broward County, Florida.

19. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about July 23, 2021 and August 28, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, to perform services including but not limited to recruitment of new members on behalf of ACCESS 4 ALL INCORPORATED, because it is approximately thirteen (13) miles from his residence, and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint, specifically on or before April 18, 2022.

20. Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for

4

the intended purposes because of the proximity to his residence and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint, specifically on or before April 18, 2022.

21.     The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

22.     ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. Plaintiff, JOE HOUSTON, has also been discriminated against because of its association with its disabled members and their claims.

23.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and

businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOE HOUSTON, and others similarly situated.

24. Defendants, PROMENADE PLAZA LLC, CHICANO EXPRESS CORP and HONGWEI954 INC., own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, PROMENADE PLAZA LLC, CHICANO EXPRESS CORP and HONGWEI954 INC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, PROMENADE PLAZA LLC, CHICANO EXPRESS CORP and HONGWEI954 INC., own and operate is the Commercial Property Business located at 4402-4678 N. University Dr Lauderhill, Florida 33021.

25. Plaintiffs, ACCESS 4 ALL INCORPORATED and JOE HOUSTON, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal

enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

26. Defendant, PROMENADE PLAZA LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Counts I through III.

27. Plaintiff, JOE HOUSTON, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

28. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO PROMENADE PLAZA LLC

29. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

28 above as though fully set forth herein.

30. Defendant, PROMENADE PLAZA LLC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Parking</u>

i. Several accessible parking spaces and access aisles are located on a slope > 4%. There is no compliant accessible route to enter the building, preventing Mr. Houston's safe unloading from vehicles and accessing facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, the solution is readily achievable.

ii. The parking space that is located on the side of Crafty Crab Restaurant has a manhole cover, causing an unstable, firm ground surface, and a change in level. This violates Sections 502, 302, and 403 of the ADAS.

iii. The access aisle in front of VCA has a change in level in front of the curb ramp, this is in violation of Sections 406, 502, and 403 of the ADAS.

B. <u>Entrance Access and Path of Travel</u>

i. Several noncompliant curb ramps with a running slope in excess of 11% impede Mr. Houston's path of travel to enter and travel between plaza interior and restaurant areas violating the 2010 ADAS Section 406, where the solution is readily achievable.

ii. Mr. Houston had some difficulties traveling around Promenade Plaza due to the cross slopes that exist throughout the property, a violation of Section 403 of the 2010 ADAS.

iii. Mr. Houston was unable to safely operate his wheelchair to navigate around Promenade Plaza

without assistance due to changes in level along the accessible route, a violation of Section 303 of the 2010 ADAS.

    C. Access to Goods and Services

i. Promenade Plaza fails to make reasonable accommodations in policies, practices, and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

## COUNT II - ADA VIOLATIONS
## AS TO PROMENADE PLAZA LLC and CHICANO EXPRESS CORP

31. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

32. Defendants, PROMENADE PLAZA LLC and CHICANO EXPRESS CORP, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A. Access to Goods and Services

i. Check-out and work surface areas at Chicano Express are inaccessible to the plaintiff due to height and obstructions violating various ADAAG and 2010 ADAS requirements.

    B. Access to Restrooms

i. Grab bars in the restroom at Chicano Express Restaurant are improper. The rear grab measures less than the required 36 inches. This is a violation of Section 609 of the 2010 ADAS.

ii. Mr. Houston could not use the mirror at Chicano Express which is inaccessible, violating Section 603 of the 2010 ADAS.

iii. Mr. Houston was unable to safely use the water closet in Chicano Express as the centerlines are located greater than 18" from the side wall. This violates Section 604 of the 2010 ADAS.

iv. Mr. Houston was unable to use the lavatories at Chicano Express due to uninsulated drainpipes. Additionally, the lavatory in the restroom in Chicano express had controls that were inoperable. This violates Sections 606 and 309 of the 2010 ADAS.

v. Mr. Houston was unable to open the door from the pull side in the restroom at Chicano Express, as the latch side clearance was inadequate and less than the required minimum.

## COUNT II - ADA VIOLATIONS
## AS TO PROMENADE PLAZA LLC and HONGWEI954 INC.

33. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

34. Defendants, PROMENADE PLAZA LLC and HONGWEI954 INC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

i. Check-out and work surface areas at Crafty Crab are inaccessible to the plaintiff due to height and obstructions violating various ADAAG and 2010 ADAS requirements

B. Access to Restrooms

    i.        Mr. Houston was unable to safely use the water closet in Crafty Crab, as the centerlines are located greater than 18" from the side wall.  This violates Section 604 of the 2010 ADAS.

    ii.       Mr. Houston was unable to use the lavatories at Crafty Crab due to uninsulated drainpipes.  Additionally, the lavatory in the restroom in Chicano express had controls that were inoperable.  This violates Sections 606 and 309 of the 2010 ADAS.

## **RELIEF SOUGHT AND THE BASIS**

1. The discriminatory violations described in Counts I though III are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOE HOUSTON, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

2. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual

Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

3.  Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

4.  Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

5.  A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

6. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

7. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 4402-4678 N. University Dr Lauderhill, Florida 33021, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiffs, ACCESS 4 ALL INCORPORATED and JOE HOUSTON, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered

goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 18, 2022

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiffs*
        4937 S.W. 74th Court
        Miami, Florida 33155
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com
                        dperaza@lawgmp.com

        By: ___/s/ Anthony J. Perez_____
            ANTHONY J. PEREZ
            Florida Bar No.: 535451
            BEVERLY VIRUES
            Florida Bar No.: 123713